

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-62,485-03

### EX PARTE SERGIO DANIEL GONZALES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 03-CR-00000278-C IN THE 197TH DISTRICT COURT FROM CAMERON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to ten years' imprisonment. The Thirteenth Court of Appeals dismissed his appeal. *Gonzales v. State*, No. 13-12-00077-CR (Tex. App.—Corpus Christi April 19, 2012).

Applicant contends, among other things, that plea counsel failed to investigate an internal affairs report that could have impeached the complainant.

On July 24, 2013, we remanded this application and directed the trial court to order the

District Clerk to forward the supplemental police report that was the evidentiary basis of Applicant's claim. Because the supplemental record we received from the District Clerk was not adequate to resolve Applicant's claim, we remanded this application again on June 18, 2014, and directed the trial court to order the District Clerk to forward a copy of the internal affairs report if it "exists and is available." "If the report does not exist," we wrote, "the trial court shall certify that it does not exist." In response, the trial court stated in a supplemental letter that the internal affairs report did not exist in its file or its court reporter's records.

On September 17, 2014, after receiving the trial court's response, we dismissed this application because, according to records from the Texas Department of Criminal Justice, Applicant's sentence had discharged and he had not raised collateral consequences. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(c).

The State has now filed a suggestion for reconsideration in this Court and urges us to reconsider our September 17 dismissal and to deny this application. We withdraw our September 17 dismissal on our own motion and remand this application to the trial court.

On remand, the trial court shall determine whether the internal affairs report exists and is available. In making this determination, the trial court shall consider whether the report is in the possession of the Cameron County Sheriff's Department or other law enforcement agency. If the report exists and is available, the trial court shall order the District Clerk to forward it to this Court. If the report does not exist, the trial court shall certify that it does not exist.

This application will be held in abeyance until the record has been supplemented. The supplemental record shall be forwarded to this Court within 60 days of the date of this order. Any

extensions of time shall be obtained from this Court.

Filed: June 29, 2016
Do not publish